[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-10870
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-20325-JEM

ANDREA K. SILVERTHORNE,

                                                             Plaintiff-Appellant,

versus

ALLAN YEAMAN,
Individually,
BLUE SKY MIAMI, INC.,
Officially and Collectively,
BUSINESS LAW GROUP, P.A.,
Officially and Collectively,
DANIEL DINICOLA,
Individually,
DAVID DESORBO,
Individually,
MAXWELL SCHEINER,
Individually,
LM FUNDING, LLC
Officially and Collectively,
LINCOLN PLACE RESIDENCES CONDOMINIUM ASSOCIATION, INC.
Officially and Collectively, et al.,

                                                             Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 19, 2016)

Before TJOFLAT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Andrea Silverthorne, proceeding *pro se*, appeals the district court's grant of the defendants' motions to dismiss her third amended complaint without prejudice for failure to comply with Federal Rule of Civil Procedure 8. On appeal, Silverthorne argues that the district court abused its discretion in dismissing her 108-page third amended complaint as an improper shotgun pleading because it did not cumulatively re-allege allegations and Federal Rule of Civil Procedure 9 required her to plead with specificity.

We review a district court's dismissal of an action for failure to comply with a court order or the Federal Rules of Civil Procedure for abuse of discretion. *Gratton v. Great Am. Commc'ns,* 178 F.3d 1373, 1374 (11th Cir. 1999). Although we give liberal construction to *pro 'se* pleadings, we nevertheless require them to conform to procedural rules. *Albra* v. *Aavan, Inc.,* 490 F.3d 826, 829 (11th Cir. 2007). Issues not briefed on appeal by a *pro se* litigant are deemed abandoned. *Timson* v. *Sampson,* 518 F.3d 870, 874 (11th Cir. 2008). Rule 8 of the Federal Rules of Civil Procedure requires that "[a] pleading that states a claim for relief must contain… a short

2

and plain statement of the claim showing that the pleader is entitled to relief," and that "[e]ach allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(a)(2), (d)(1). In addition, the federal rules require that each claim be presented in a separate numbered paragraph, "each limited as far as practicable to a single set of circumstances" and that "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count."  Fed. R. Civ. P. 10(b). The pleading requirements of Rule 9(b) for claims involving fraud or mistake do not allow a plaintiff to "evade the less rigid—though still operative—strictures of Rule 8." *Ashcroft* v. *Iqbal,* 556 U.S. 662, 686-87, 129 S. Ct. 1937, 1954, 173 L. Ed. 2d 868 (2009).

We repeatedly have condemned "shotgun" pleadings.  *Weiland* v. *Palm Beach Cty. Sheriff's Office,* 792 F.3d 1313, 1321 (11th Cir. 2015).   Shotgun pleadings include complaints that:   (1) contain multiple counts where each count adopts the allegations of all preceding counts; (2) do not re-allege all preceding counts but are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" (3) do not separate each cause of action or claim for relief into separate counts; or (4) contain counts that present more than one discrete claim for relief. *Id* at 1321-23.

Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). In general, a dismissal without prejudice is not an abuse of discretion. *See Dynes* v. *Army Air Force Exch. Serv.,* 720 F.2d 1495,1499

3

(11th Cir. 1983) ("Although this case does not involve a series of violation of court rules or pretrial orders, because the case was dismissed without prejudice, we cannot say that the district court abused its discretion."). Such a dismissal should be allowed absent some plain prejudice other than the mere prospect of a second lawsuit. *Kotzen* v. *Levine,* 678 F.2d 140,140 (11th Cir. 1982).

The district court did not abuse its discretion in dismissing Silverthorne's third amended complaint without prejudice. *See Dynes,* 720 F.2d at 1499. Although she argues that the district court should have evaluated her complaint under the Rule 9 standard, the requirement to plead with specificity does not allow her to evade Rule 8's requirements. *See lqbal,* 556 U.S. at 686-87,129 S. Ct . at 1954. Although Silverthorne had been instructed by the court that re-alleging previous allegations in each count was a reason for the previous dismissal, she continued to reference the entire facts section rather than only the relevant portions. Finally, she has not demonstrated that the dismissal without prejudice served to prejudice her in any way other than requiring her to clarify her complaint and comply with Rule 8, which she declined to do. *See Kotzen,* 678 F.2d at 140.

AFFIRMED.